```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
 2                          Norfolk Division

 3

 4    - - - - - - - - - - - - - - - - - -
                                         )
 5       UNITED STATES OF AMERICA,       )
                                         )
 6       v.                              )   CRIMINAL ACTION NO.
                                         )   2:20cr56
 7       BROCK BRIAN BEEMAN,             )
                                         )
 8              Defendant.               )
                                         )
 9                                       )
      - - - - - - - - - - - - - - - - - -
10

11
                       TRANSCRIPT OF PROCEEDINGS
12                         (Status Hearing)

13                        Norfolk, Virginia

14                        November 2, 2021

15

16    BEFORE:   THE HONORABLE RODERICK C. YOUNG
                United States District Judge
17

18

19    APPEARANCES:

20            UNITED STATES ATTORNEY'S OFFICE
              By:  Randy Carl Stoker
21                 Assistant United States Attorney
                   Counsel for the United States
22

23            By:  Brock Brian Beeman, pro se

24            WILLIAM J. DINKIN, PLC
              By:  William Jeffrey Dinkin
25                 Standby Counsel for the Defendant
```

```
 1              (Proceedings commenced at 10:02 a.m.)
 2              THE CLERK:  In the matter of criminal case number
 3   2:20cr56, the United States of America versus Brock Brian
 4   Beeman.  The United States is represented by Randy Stoker,
 5   and defendant is represented by Bill Dinkin.
 6              Mr. Stoker, is the government ready to proceed?
 7              MR. STOKER:  The United States is ready.
 8              Good morning, Your Honor.
 9              THE COURT:  Good morning, Mr. Stoker.
10              THE CLERK:  And, Mr. Dinkin, are you ready to
11   proceed?
12              MR. DINKIN:  Good morning, Judge.  Yes, we are
13   ready.
14              THE COURT:  Good morning, Mr. Dinkin.
15              So, we were last before the Court a week or so ago,
16   or maybe a couple of weeks by this point, and I was
17   addressing two things:  Mr. Beeman's competency, which I
18   found him competent to go forward, and then his motion to
19   represent himself.  And at that point, I found that
20   Mr. Beeman was not competent to represent himself and
21   overruled his motion.
22              However, as I've looked at some things, I did want
23   to go ahead and appoint a lawyer, and have that lawyer have
24   further conversations, have another lawyer, other than his
25   prior lawyer, have further conversations with Mr. Beeman
```

```
 1  about his desire to represent himself.
 2         Now, you know, one of the things that I didn't
 3  articulate last time was that in addition to all of the
 4  questions that Mr. Beeman answered no to, about having
 5  familiarity with the Federal Rules of Criminal Procedure,
 6  the Federal Rules of Evidence, the U.S. Sentencing
 7  Guidelines, 3553(a), and everything that goes into kind of
 8  representing oneself, was also a statement made by the
 9  doctor who evaluated Mr. Beeman.  And that doctor said that,
10  "Mr. Beeman would likely benefit from frequent check-ins
11  with his attorney to ensure that he is retaining pertinent
12  information.  It is recommended that the information he is
13  presented with be simplified to ensure that he understands.
14  He may also benefit from periodic breaks to ensure that he
15  does not become overwhelmed during the court proceedings."
16  So, when I read that, in conjunction with Mr. Beeman's
17  answers on the questions I asked him, I made the ruling that
18  I did.
19         With that background, Mr. Dinkin, have you had
20  further conversations with Mr. Beeman about his desire to
21  represent himself, or have you represent him?
22         MR. DINKIN:  Yes, sir.  So, Judge, we've met twice.
23         THE COURT:  Podium, come to the podium.
24         MR. DINKIN:  I'm sorry.
25         THE COURT:  That's all right.
```

```
 1              MR. DINKIN:  The courtroom is different.
 2              THE COURT:  That's okay.
 3              MR. DINKIN:  I will learn the rules.
 4              THE COURT:  That's all right.
 5              MR. DINKIN:  So, we've met twice at the Western
 6   Regional -- Western Tidewater Regional Jail.  I'll also
 7   learn the names soon enough.  And we've had some fairly
 8   lengthy conversations covering preliminary matters, as in is
 9   he -- does he want to represent himself, or does he want me
10   to represent him.  And, of course, I explained what standby
11   counsel would do.  I also provided a fair amount of
12   information about some of the things that you just mentioned
13   for example, the sentencing guidelines in 3553 and the
14   factors, and we went over those.  And I actually had him
15   recite them back to me.  So, at least in a shortened span of
16   time, his retention of the information was good.
17              THE COURT:  Okay.
18              MR. DINKIN:  And he indicates that he's being
19   compliant with all of his medications.
20              So, his desire at this point is to ask the Court to
21   represent himself.
22              THE COURT:  All right.
23              MR. DINKIN:  I've provided him with some of the
24   cases that he can cite to the Court in support of that,
25   including *Indiana versus Edwards*, which I am sure the Court
```

```
 1  is familiar with --
 2              THE COURT:  Yes.
 3              MR. DINKIN:  -- and some of the Fourth Circuit
 4  cases that have applied that.  And so either I can make that
 5  argument for him today, or if the Court --
 6              THE COURT:  I am just going to have him come
 7  forward, so you stay there.
 8              MR. DINKIN:  Okay.
 9              THE COURT:  So, Mr. Beeman, come forward, please.
10              All right, Mr. Beeman.  So, the last time you were
11  here, based on the answers that you gave me, plus the
12  information I have read and your competency eval, I found
13  that you weren't competent to represent yourself.  However,
14  after I thought about it, your desire to represent yourself,
15  although I don't think that's in your best interest, and
16  I've told you that on a couple of occasions, I think still
17  with what the doctor is concerned about, that that could be
18  accomplished by appointing standby counsel for you to help
19  explain some of the things if it's your desire to continue
20  to represent yourself.  Again, I don't think that's in your
21  best interest, but that's not the standard.  You have a
22  constitutional right to represent yourself if it's possible,
23  and I do think that although it would present some
24  challenges, based on what I have read in this report, I
25  think it is possible.
```

```
 1              So, I will just ask you, Mr. Beeman, is it your
 2   desire to have Mr. Dinkin remain your counsel and have him
 3   represent you, or is it your desire to represent yourself?
 4              THE DEFENDANT:  My desire to represent myself.
 5              THE COURT:  All right.  Okay.  So based on
 6   Mr. Beeman's desire and based on his answers to the
 7   questions that I asked him in the last hearing, although I
 8   don't think it's in his best interest to represent himself,
 9   I am going to grant that motion.
10              And, Mr. Dinkin, I will appoint you as standby
11   counsel.
12              MR. DINKIN:  Yes, sir.
13              THE COURT:  All right.  So you-all may return to
14   your table.
15              All right, Government.  So, I am going to cut an
16   order and have you respond to Mr. Beeman's motion to
17   withdraw his guilty plea, and then I will set a time period
18   for any reply, and then once that is accomplished, we will
19   set a hearing for that motion.  All right?
20              MR. STOKER:  Very well, Your Honor.
21              THE COURT:  Okay.  Very good.
22              And, Mr. Dinkin, we will confer with you on that in
23   setting the date for the hearing on that motion to withdraw
24   his guilty plea.
25              MR. DINKIN:  Thank you.  I appreciate it.
```

```
 1              THE COURT:  Okay.  Very good.
 2              All right, Government, anything else you think we
 3   need to address today?
 4              MR. STOKER:  No, Your Honor.
 5              THE COURT:  Mr. Beeman, anything else from your
 6   perspective that we need to address today?
 7              THE DEFENDANT:  No, Your Honor.
 8              THE COURT:  All right.
 9              Mr. Dinkin, anything?
10              MR. DINKIN:  No, sir.
11              THE COURT:  Okay.  Very good.
12              Ms. Jones, anything else in this case?
13              THE CLERK:  No.  That's it, Your Honor.
14              THE COURT:  All right.  Very good.  We will stand
15   in recess.
16              (Proceedings concluded at 10:10 a.m.)
17                          CERTIFICATION
18
19      I certify that the foregoing is a correct transcript
20   from the record of proceedings in the above-entitled matter.
21
22
23         _____/s/_____
24                       Jill H. Trail
25                       June 7, 2022
```

JILL H. TRAIL, Official Court Reporter